IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE-HUMBLE ISD DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-18-0079 |
| | § | |
| HUMBLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred is Defendant Humble Independent School District's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Document No. 14). Having considered that motion, the absence of a response to the motion, the claims and allegations in Plaintiff's First Amended Complaint (Document No. 13), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss (Document No. 14) be GRANTED.

This case was originally filed by Plaintiff "Jane-Humble ISD Doe" ("Jane Doe") in the 459th District Court of Travis County, Texas, asserting claims against Defendant Humble Independent School District ("Humble ISD") for violations of section 504 of the Rehabilitation Act, federal civil rights violations, breach of contract, and violations of the Texas Constitution. Humble ISD removed the case to the United States District Court for the Western District of Texas, after which the case was transferred to this Court (Document No. 7).

In her First Amended Complaint (Document No. 13), Jane Doe alleges claims against Humble ISD for violation of its "Child Find duties under the IDEA [Individuals with Disabilities Education Act]," violations of section 504 of the Rehabilitation Act, and deprivation of her civil

rights under 42 U.S.C. § 1983. Those claims are all premised on a fall Jane Doe suffered while a student at Humble ISD during a cheerleading "stunt." That fall resulted in a concussion, and, according to Jane Doe, a subsequent suicide attempt. Jane Doe alleges that following her concussion Humble ISD did nothing to determine whether she was suffering from a disability, and nothing to determine whether she was entitled to any kind of accommodation, both of which led to a deterioration in her mental health.

Humble ISD seeks dismissal of Jane Doe's claims, arguing that Jane Doe did not exhaust the available administrative remedies prior to her filing suit for Child Find violations, and violations of section 504 of the Rehabilitation Act, and that her failure to exhaust her administrative remedies deprives the Court of subject matter jurisdiction over those claims. As for Jane Doe's § 1983 claims, Humble ISD maintains that Jane Doe has not alleged any actionable violations of § 1983 and has not alleged any facts that would support a claim of municipal liability against Humble ISD. Humble ISD therefore seeks dismissal of Jane Does's § 1983 claim for failure to state a claim. Humble ISD also argues that Jane Doe has failed to allege any facts that would support a plausible claim under the Child Find provisions or section 504 of the IDEA, and that those claims are additionally and alternatively subject to dismissal for failure to state a claim. Jane Doe has not, to this date, filed a response to Humble ISD's Motion to Dismiss.

The IDEA was designed to ensure that "all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living". 20 U.S.C.A. § 1400(d)(1)(A). As part of the IDEA, "public school districts have an obligation known as 'Child Find,' which requires them to 'identify, locate, and evaluate all children

with disabilities ... to ensure that they receive needed special-education services.'" *Krawietz by Parker v. Galveston Indep. Sch. Dist.*, ___ F.3d ___, No. 17-40461, 2018 WL 3965619, at *1 (5th Cir. Aug. 17, 2018) (quoting *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 245 (2009)). "The Child Find duty is triggered when the local educational agency has reason to suspect a disability coupled with reason to suspect that special education services may be needed to address that disability." *El Paso Indep. Sch. Dist. v. Richard R.*, 567 F. Supp. 2d 918, 950 (W.D. Tex. 2008).

Under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." In the public school context, "[a] cause of action is stated under § 504 when it is alleged that a school district has *refused* to provide reasonable accommodations for the handicapped plaintiff to receive the full benefits of the school program." *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 454 (5th Cir. 2010) (quoting *Marvin H. v. Austin Indep. Sch. Dist.*, 714 F.2d 1348, 1356 (5th Cir.1983)).

"Child Find" violations can only be remedied in federal court after administrative remedies have been exhausted. *See* 20 U.S.C. § 1415(l) ("before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter."). Similarly, section 504 claims which arise in the public school context and relate to the IDEA's mandates of providing a free appropriate public education, also can only be remedied in federal court after administrative remedies have been exhausted. *See Fry v. Napoleon Community*

3

*Schools*, 137 S.Ct. 743 (2017) (discussing section 504 claims for which exhaustion is required and 504 claim for which there is no exhaustion requirement).

Here, there are no allegations, and nothing in the record to show, that Jane Doe has exhausted her administrative remedies by invoking the IDEA's dispute resolution process. In addition, there is nothing in Jane Doe's pleadings or the record to suggest that Jane Doe's claims are unrelated to the IDEA's purpose of providing a free appropriate public education. As such, and in the absence of the required exhaustion of her administrative remedies, the Court does not have subject matter jurisdiction over Jane Doe's claims for "Child Find" violations or violation(s) of section 504 of the Rehabilitation Act. *See Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 256 (5th Cir. 2017) ("The IDEA requires administrative exhaustion not just of claims arising under it, but also of Rehabilitation Act claims that overlap with the IDEA."). Those claims should therefore be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

Jane Doe's Child Find violation claim and her section 504 Rehabilitation Act claim are also subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1] Key to claims for

---

[1] Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.
In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as

Child Find violations and section 504 violations is that the plaintiff is "disabled." Jane Doe does not allege in her First Amended Complaint what disability she suffers from. She does allege that she suffered a concussion after a fall, and she does allege that she attempted suicide, but she has not alleged how either circumstance constitutes, or qualifies, as a disability. In addition, because she has not filed a response to Humble ISD's Motion to Dismiss, there is no argument in the record that the nature of any alleged disability can be gleaned from her pleadings. As such, based on the pleadings, Jane Doe has not alleged a plausible claim for "Child Find" violations or a plausible claim under Section 504 of the Rehabilitation Act, and those claims are additionally subject to dismissal for failure to state a claim.

As for Jane Doe's remaining claim, for violations of 42 U.S..C. § 1983, it is also subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. 42 U.S.C. § 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress...." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting "under color of state law". *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999); *Gomez v. Toledo*, 446 U.S. 635, 340 (1980) ("By the plain terms of § 1983,

---

true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.").

Here, Jane Doe alleges that she was deprived of unspecified accommodation(s) she claims she was entitled to as a result of her disability. She has not, however, as set forth above, alleged what her disability is/was. In addition, insofar as her § 1983 claim is based on the same alleged conduct as her "Child Find" violation claim and her section 504 Rehabilitation Act claim, § 1983 does not, as a matter of law, provide an independent remedy. *See D.A.,* 629 F.3d at 456 (upholding dismissal of § 1983 claim in case alleging failure to provide special education services, noting that "where a statutory regime already provides a comprehensive set of remedies for its enforcement, there is a presumption against the availability of the more general remedial measures of § 1983"). Her § 1983 claim is, consequently, subject to dismissal for failure to state a claim.

Based on the foregoing, and the determination that Jane Doe has not exhausted the administrative remedies required for her Child Find violation claim and her section 504 Rehabilitation Act claim, and that she has not stated a plausible Child Find violation claim, section 504 Rehabilitation Act claim, or § 1983 claim, the Magistrate Judge

RECOMMENDS that Defendant Humble Independent School District's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Document No. 14) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from

attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this ___18th___ day of September, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE